IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RAMIRO ESQUIVEL, <br><br> Defendant. | ORDER AND MEMORANDUM DECISION <br><br><br><br> Case No. 2:06 CR 231 |

    Defendant Ramiro Esquivel seeks to suppress evidence obtained during the execution of a search warrant.  Mr. Esquivel claims that the affidavit submitted in support of the search warrant omitted material information, the presence of which would have altered the magistrate's conclusion that the warrant was supported by probable cause.  Mr. Esquivel requests an evidentiary hearing under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), at which the sufficiency of the affidavit can be examined more thoroughly.  No hearing is necessary, however, because even if the omitted information identified by Mr. Esquivel had been included in the affidavit, probable cause would still justify the issuance of the warrant.

## **Background**

    After reviewing an affidavit submitted by Detective Randy S. Chandler, a Utah state court judge issued a warrant authorizing the search of a residence in Magna, Utah.  In his affidavit, Detective Chandler first outlined his training and experience in matters relating to drug

investigation and interdiction before turning to the facts that he claimed justified a search of the Magna residence.

Detective Chandler represented in his affidavit that, about two months earlier, police had been contacted by an anonymous informant claiming that there was short-term traffic at the Magna home. According to the informant, individuals at the residence were passing out baggies containing an unknown substance. Police later received another anonymous complaint making a nearly identical allegation. A little over a month later, police received yet another anonymous call. The caller told police that he had a son that was buying drugs from the Magna residence form an individual named Benji. The caller stated that Benji carried large amounts of cash on his person.

In addition to information related to the anonymous calls, Detective Chandler, in his affidavit, detailed the results of an interview conducted by the Utah Division of Child and Family Services with a seven-year-old boy who was living in the Magna residence. The child told the interviewer that a man named "Candy" was living in the home. The child stated that he had watched Candy cut white powder on a table in the home and then place the powder into bags. During the interview, the child indicated that he had witnessed Candy using a scale when cutting the white powder. The child also informed the interviewer that he had seen two pipes in the home. One of the pipes was described as a colorful glass pipe about one foot tall. The child described the other pipe as smaller, and containing a white and brown substance.

Based on those facts, the reviewing state court judge determined that probable cause supported the issuance of a search warrant. But Mr. Esquivel maintains that Detective Chandler omitted material information from his affidavit. Specifically, Mr. Esquivel argues that Detective Chandler had already followed up on the anonymous phone calls and had not uncovered any

information supporting further police action.

Mr. Esquivel, in support of his contention attaches two police reports that detail Detective Chandler's investigation of the final two anonymous phone calls. According to those reports, Detective Chandler visited the Magna residence after the second complaint about the passing of baggies on the residence. Once there, he spoke with Maria Lopez and Mr. Esquivel who lived at the residence. While speaking with them, he observed children passing baggies filled with chips and candy. After speaking with Ms. Lopez and Mr. Esquivel for a short time, Detective Chandler left the residence without taking any further action.

After receiving the complaint referencing Benji, Detective Chandler's police report indicates that he contacted Ms. Lopez, Benji's mother, at the Magna residence. Ms. Lopez told Detective Chandler that she was separated from her husband and that her husband had previously made allegations implicating Benji in drug activity in an effort to antagonize her. Detective Chandler spoke to Benji when he later returned home. Benji denied selling drugs and echoed Ms. Lopez's sentiment that her estranged husband had previously made similar allegations. The record also indicates that before Detective Chandler submitted his affidavit, he was aware that a search of Benji's locker at school had not turned up any evidence of drug-related activity.

Finally, Mr. Esquivel states that Detective Chandler was aware that the seven-year-old child interviewed by DCFS had a history of pitting his parents, Ms. Lopez and her estranged husband, against one another. Detective Chandler did not include any information about his follow-up investigation into these matters, confining his affidavit to the tips and allegations the police had received that indicated that drug-related activity was occurring at the Magna home.

## **Analysis**

There is a presumption of validity that attaches to affidavits supporting a search warrant.

United States v. Barrera, 843 F.2d 1576, 1579 (10th Cir 1988).  To challenge the probable cause finding made by a judge in support of a search warrant by claiming that there were false statements in the affidavit supporting the warrant, a defendant must make a substantial preliminary showing that: (1) the affidavit contains intentional or reckless false statements; and (2) if purged of its falsities, the affidavit would not be sufficient to support a finding of probable cause.  United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997) (citing Franks, 438 U.S. at 155-56).  The standard announced in Franks, "likewise applies to intentional or reckless omissions of material facts, which, if included, would vitiate probable cause."  United States v. Basham, 268 F.3d 1199, 1204 (10th Cir. 2001) (citations omitted).

Omitted information is only "material" if it is "so probative as to negate probable cause" when revealed at the suppression hearing.  Stewart v. Donges, 915 F.2d 572, 581-83 (10th Cir. 1990) (citation omitted).  In order to determine if an affidavit sufficiently establishes probable cause regardless of omissions, the reviewing court should "delete false or misleading statements and insert the omitted truths."  Id. at 582 n.13.  If the inclusion of the omitted information "would not have altered the . . . judge's decision to authorize the search, then the fruits of the challenged search need not be suppressed."  United States v. Avery, 295 F.3d 1158, 1167 (10th Cir. 2002) (citations omitted).  While a preliminary showing that an affidavit contains material omissions may entitle a defendant to an evidentiary hearing, there is no need for an evidentiary hearing here because all of the omissions at issue are known and stated in Mr. Esquivel's brief.  To mandate an evidentiary hearing, the challenger's attack "must be more than conclusory and must be supported by more than a mere desire to cross-examine."  United States v. Ross, 920 F.2d 1530, 1533 (10th Cir.1990), (citing Franks at 154).

In this case, Mr. Esquivel does not allege that the statements in Detective Chandler's

affidavit were intentionally or recklessly false. Rather, Mr. Esquivel claims that Detective Chandler omitted material information from his affidavit by failing to inform the state court judge that he had followed up on some of the anonymous tips detailed in the affidavit. In essence, Mr. Esquivel claims that had Detective Chandler included information regarding his follow-up investigation in his affidavit, the state court judge could not have concluded that probable cause existed. Accordingly, the question presented by Mr. Esquivel's motion to suppress is whether Detective Chandler's affidavit establishes probable cause justifying a search of the Magna residence if that affidavit is augmented with the omitted information identified by Mr. Esquivel.

"In determining whether an affidavit contains sufficient information to support a finding of probable cause for the issuance of a search warrant, . . . the issuing judge or magistrate[] must consider the totality of the circumstances and determine whether the affidavit established the probability that evidence of criminal activity would be located in the desired search area." United States v. Wittgenstein, 163 F.3d 1164, 1172 (10th Cir. 1998).

The affidavit in this case, even with the inclusion of the omissions identified by Mr. Esquivel, meets the probable cause standard. Detective Chandler received two anonymous tips about short-term traffic at the Magna residence that also indicated that baggies were being distributed at the home. Later, he received another tip directly alleging that a resident of the Magna home was dealing drugs. Finally, Detective Chandler learned from a resident of the home, although admittedly a young child, that significant drug activity was occurring within the residence. Even if Detective Chandler had included the information identified by Mr. Esquivel as material, the inclusion of that information would not have disturbed the core facts supporting the state court judge's probable cause determination.

It is true that Detective Chandler's follow-up investigation did not reveal any further evidence of drug-related activity. It is also true that Detective Chandler uncovered innocent conduct that may have explained some of the suspicious behavior complained of in the anonymous phone calls. Detective Chandler also learned that Ms. Lopez's estranged husband was apparently motivated to cause her strife. But these facts do not change the reality that the Magna residence was repeatedly being implicated in drug-related activity. In fact, as time went on, the information Detective Chandler received in this regard grew more and more specific.

The possibility that facts submitted in support of search warrant affidavit might be explained by innocent activity does not preclude a finding of probable cause. See United States v. Fama, 758 F.2d 834, 838 (2d Cir. 1985) (even though an innocent explanation might be consistent with facts alleged in a search warrant affidavit, those facts may still support a probable cause determination); see also United States v. Martinson, 811 F. Supp. 1097, 1105 (E.D. Pa. 1993) ("To provide probable cause . . . a complaint for a search warrant 'need only allege specific facts establishing a reasonable probability that the items sought are likely to be at the locations designated; the [complaint] need not also negate every argument that can be asserted against that probability.'" (quoting United States v. Rambis, 686 F.2d 620, 623 (7th Cir. 1982)); United States v. Badalmenti, No. S.S. 84 Cr. 236 (PNL), 1985 WL 2572, at *5 (S.D.N.Y. Sept. 19, 1985) ("The attesting agents' belief that these actions were part of a pattern of concealed narcotics dealing and money laundering, was reasonable, even if it should turn out as to any or all the defendants that an innocent explanation was the correct one.").

Further, although Detective Chandler was aware that Ms. Lopez's estranged husband may have been motivated to make allegations that would cause her trouble, Detective Chandler did not know if any of the tips actually originated from Ms. Lopez's husband. Considering this

6

information a material omission would preclude law enforcement's reliance on anonymous tips in situations where investigators are aware that there is an individual or individuals that bear ill-will toward the suspect.

  Finally, although a substantial portion of the information contained in the affidavit was obtained from a seven-year-old boy, the age of the informant does not necessarily preclude reliance on his statements.  See Easton v. City of Boulder, 776 F.2d 1441, 1450 (10th Cir. 1985) ("[E]ven if [the children's testimony] was inadmissible in court, perhaps because of an inability to understand the oath, or for whatever reason, their statements could nonetheless be used as a basis for a probable cause determination to support the issuance of a warrant.").  Here, the child provided dramatically detailed testimony about the presence of drugs in the residence.  While Detective Chandler was presumably aware that the child had a history of pitting his parents against one another, that fact does not reduce the probative value of the child's statements to such an extent that those statements cannot be relied upon to make a probable cause determination.

  Without a doubt, Detective Chandler was aware of relevant information pertaining to the Magna residence that he did not include in his affidavit.  But while the facts that Detective Chandler omitted may have been relevant to the state court judge's probable cause analysis, those facts were not material to that analysis.  The search warrant in this case was supported by repeated tips connecting the Magna residence to drug use and trafficking.  Further, Detective Chandler received information from an actual resident of the home who observed facts consistent with drug use and distribution.  The omitted information identified by Mr. Esquivel does not negate the reality that the affidavit contained sufficient facts to establish the probability that contraband would be found within the Magna residence.

**Conclusion**

The affidavit submitted by Detective Chandler in support of his request for a search warrant established probable cause to search the Magna residence. Even when the omitted material identified by Mr. Esquivel is included in that affidavit, the core facts still justify the state court judge's decision to issue a search warrant covering the residence. Therefore, Mr. Esquivel's Motion to Suppress (dkt. #12) is DENIED.

DATED this 7th day of September, 2006.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge